DANIEL J. BUGBEE
DBS Law
819 Virginia Street, Suite C2
Seattle, WA 98101
P: (206) 489-3802
F: (206) 973-8737
dbugbee@lawdbs.com

KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
4407 N. Division Street, Suite 618
Spokane, WA 99207
(509) 624-0159

*Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**PURELIGHT NEWCO, LLC,**<br><br>Debtors[1]. | Lead Case No. **25-02261-WLH7 (Jointly Administered)**<br><br>Chapter **7**<br><br>**MOTION TO APPROVE SETTLEMENT** |

## I. MOTION

Kevin D. O'Rourke, the Chapter 7 Trustee appointed herein (the "Chapter 7 Trustee and/or Trustee"), by and through his attorneys, Southwell & O'Rourke, P.S. and DBS Law, moves the court (the "Motion") for entry of an order approving the settlement between the Trustee and Advanced Protection Services ("APS"). The Chapter 7 Trustee requests approval

[1] Debtors in the Chapter 7 cases ("Bankruptcy Case(s)"), along with their respective Employer Identification Numbers, are as follows: Solgen Parent, LLC (92-0975514), Case No. 25-02260-WLH7; Purelight Newco, LLC (92-1443008), Case No. 25-02261-WLH7; Solgen Power, ILC (36-4880434), Case No. 25-02262-WLH7; Solgen Restoration, LLC (81-1103932), Case No. 25-02263-WLH7; Solgen Intermediate, LLC (92-0982984), Case No. 25-02264-WLH7; The Green Nerds, LLC (53-4621454), Case No. 25-02265-WLH7; Loanhomi, LLC (85-0827364), Case No. 25-02266-WLH7; Solgen Distribution, LLC (83-3776050), Case No. 25-02268-WLH7; Solgen Power, LLC (83-1508383), Case No. 25-02269-WLH7; Solgen Enterprises, LLC (83-1103439), Case No. 25-02270-WLH7; Solgen Power, LLC (83-2061867), Case No. 25-02272-WLH7; and Solgen Power, LLC (83-2061819), Case No. 25-02273-WLH7


SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

of this settlement, as it is fair, just, reasonable, and in the best interest of the Estate and its creditors. The Chapter 7 Trustee submits as follows:

## II. BASIS

### A. Statement of Jurisdiction

This Motion is before the court as a core proceeding over which the court has jurisdiction to enter a final order pursuant to 28 U.S.C. §§157(b), 1408 and 1409.

### B. Statement of Facts

1. On December 30, 2025 (the "Petition Date"), Debtors filed a Voluntary Chapter 7 Petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Washington ("Bankruptcy Court").

2. On December 31, 2025, the Bankruptcy Court appointed Kevin D. O'Rourke as Trustee.

3. On January 28, 2026, the Bankruptcy Court entered the Order Granting Motion to: (A) Jointly Administer Cases of Solgen Parent, LLC, Purelight Newco, LLC, Solgen Power, LLC, Solgen Restoration, LLC, Solgen Intermediate, LLC, The Green Nerds, LLC, LoanHomi, LLC, Solgen Distribution, LLC, Solgen Power, LLC, Solgen Enterprises, LLC, Solgen Power, LLC, and Solgen Power, LLC; (B) Shorten Time Period for Objections; and (C) Notice of Hearing [*ECF No.* 40].

4. On February 10, 2026, the Trustee filed the Application for Order Approving Employment [*ECF No. 66*] for the employment of CA Global as the Trustee's auctioneer. On February 10, 2026, the court entered the Order Approving Employment Under 11 U.S.C. § 327 By Trustee/Debtor-In-Possession [*ECF No. 68*] (the "Employment Order").

5. On February 25, 2026, the Trustee filed the Motion for Order Approving Auction and Sale of Inventory, Equipment and Vehicles, and Authorizing Payment of Auctioneer [*ECF*



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

*No. 115*]. On March 5, 2026, the court entered the Order Approving Auction and Sale of Inventory, Equipment and Vehicles and Authorizing Payment of Auctioneers [*ECF No. 174*] (the "Sale Order").

6. Prior to the Petition Date, Debtors operated a business of selling and installing solar panels for commercial and residential projects throughout the United States, operating with warehouses and sales teams in over nine states and approximately thirty locations, including leased locations at 22887 NE Townsend Way, Fairview, Washington (the "Fairview Location") and 6752 20th Street E, Fife, Washington (the "Fife Location").

7. Pursuant to the Employment Order and Sale Order, CA Global traveled to the various locations in which the Debtors operated to validate the personal property assets at each location and determine the best way to liquidate and monetize such assets for the benefit of the estate.

8. Prior to the Petition Date, APS provided Debtors with remote access to doors and Open eye camera systems in multiple leased premises, including the Fife Location and Fairview Location. Peter Wyke with CA Global contacted APS to request APS to allow remote access to these two locations for him to gain access to the personal property located therein.

9. After the filing of the bankruptcy case, APS has sent numerous billing invoices to the Chapter 7 Trustee for 7453 Empire Drive, Building A, Suite 400, Florence, Kentucky, 5710 W. Road 68, Suite 104, Pasco, Washington, Fairview Location, and the Fife Location for the period of January 1, 2026 to February 28, 2026 in the total combined sum of One Thousand Three Hundred Seventy-Nine Dollars and 24/100 ($1,379.24).

10. Trustee asserts that the remote access to doors and Open eye camera systems at the multiple leased premises did not provide a benefit to the Estate beyond the extremely



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

limited remote access to the Fairview and Fife Locations for CA Global to gain access to the personal property located therein.

11. The Chapter 7 Trustee began negotiations with APS regarding its asserted administrative expense. After negotiations occurred, the Chapter 7 Trustee and APS reached an economic and reasonable resolution in the business judgment of the Chapter 7 Trustee, subject to Bankruptcy Court approval, which the settlement (the "Settlement") provides, that APS shall be allowed an administrative expense in this proceeding in the total sum of Five Hundred Thirty-Nine Dollars and 62/100 ($539.62) in full satisfaction of its claims against the estates (the "Administrative Expense"). Upon entry of an order of the court approving the Settlement, the Chapter 7 Trustee shall be authorized to pay the Administrative Expense from the unencumbered account maintained by the Trustee, and APS shall hold no claims against the bankruptcy estates or the Chapter 7 Trustee.

**C. <u>Legal Argument</u>**

1. Claims for "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses. 11 U.S.C. § 503(b)(1). The burden of proving that an expense deserves administrative priority lies with the party asserting such priority. *Einstein/Noah Bagel Corp. v. Smith (In re BCE West, L.P.)*, 319 F.3d 1166, 1172 (9th Cir. 2003). To qualify for an administrative priority, an expense (i) must arise from a post-petition transaction with the debtor and (ii) must be beneficial to the debtor or estate. *In re DAK Indus., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995).

2. Compromise and settlement agreements are favored under the law and by the courts. *Martin v. Kane (In re A&C Props)*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake"). Federal Rule



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

of Bankruptcy Section 9019(a) governs compromise and settlement agreements, which rule provides as follows:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

3. The inquiry of the bankruptcy court focuses on determining whether the agreement is reasonable under the circumstances. *A&C Prop.s*, 784 F.2d at 1381. The bankruptcy court's inquiry "turns on the question of whether the compromise is in the best interest of the estate." *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Atkinson)*, 242 B.R. 497, 502 (BAP 9th Cir. 1999). A settlement agreement must be fair and equitable and not "'fall below the lowest point in the range of reasonableness.'" *In re Pac. Gas & Elec. Co*., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (quoting *In re Drexel Burnham Lambert Grp., Inc*., 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991)).

4. Courts consider four factors to determine whether an agreement is fair, reasonable, and adequate:

> (a) The probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159

*A&C Prop.s*, 784 F.2d at 1381. Significantly, "it is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." *Pac. Gas & Electric Co*., 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). Ultimately, the bankruptcy court has "great latitude in approving compromise agreements." *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).

5. The Settlement is fair, reasonable, appropriate, adequate, and in the best interest of the estate and its creditors under the circumstances.

## III. RELIEF REQUESTED

The Chapter 7 Trustee respectfully requests that the court enter an order:

1. Granting the Motion.

2. Approving the Settlement between the Trustee and APS in accordance with the terms of the Settlement as set forth herein.

3. Finding that the Settlement is (a) reasonable under the circumstances; (b) in the best interest of the Estate and its creditors; and is (c) fair and equitable, and the Chapter 7 Trustee properly exercised his business judgment.

DATED this 26th day of August, 2026.

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Kevin O'Rourke
KEVIN O'ROURKE, WSBA #28912
Attorney for Chapter 7 Trustee

DBS LAW

BY: */s/ Daniel J. Bugbee*
DANIEL J. BUGBEE, WSBA #53001
Attorney for Chapter 7 Trustee



**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
4407 N. DIVISION ST., SUITE 618
SPOKANE, WASHINGTON 99207
TELEPHONE (509) 624-0159